ORIGINAL

1  Lawrence C. Meyerson (Bar No. 54136)
2  Lawrence C. Meyerson, A Professional
   Law Corporation
3  578 Washington Blvd., Suite 867
   Marina Del Rey, CA 90292
4  Tel: (310) 827-3344
   Fax: (310) 827-2244
5
6  Attorney for Plaintiff Chris Aronson



7              **UNITED STATES BANKRUPTCY COURT**

8              **CENTRAL DISTRICT OF CALIFORNIA**

9                   **LOS ANGELES DIVISION**

10 | In re: | CASE NO.: 2:09-bk-11394-ER |
   | | Adv. No.: |
11 | TARA DIANE ARONSON, | |
12 | Debtor. | Chapter 7 |
   | CHRIS ARONSON, | |
13 | | COMPLAINT TO DETERMINE: |
   | Plaintiff, | 1. DECLARATORY JUDGMENT; |
14 | vs. | 2. OBJECTION TO DISCHARGE- |
   | | Section 727(a)(4); |
15 | TARA DIANE ARONSON; SAM S. | 3. OBJECTION TO |
   | LESLIE, named herein in his | DISCHARGEABILITY OF DEBT- |
16 | representative capacity as Chapter 7 | SECTIONS 523(a)(2), (4), (5), (6) and |
   | Trustee only. | (15) |
17 | | |
   | Defendant. | |
18 | | |

19

20         Comes Now, Chris Aronson, the Plaintiff herein, and states and alleges as

21 follows:

22                    **GENERAL ALLEGATIONS**

23         1. These proceedings were commenced by the filing of a voluntary chapter 7

24 bankruptcy petition on behalf of the Debtor/Defendant, Tara Diane Aronson, on January

25 23, 2009. Sam S. Leslie is the duly qualified and acting Chapter 7 Trustee and is

26 named herein as a defendant in his representative capacity only.

27

28

2. April 20, 2009 has been designated as the deadline to file a complaint objecting to discharge of the Debtor or to determine dischargeability of certain debts.

3. This Court has jurisdiction over this adversary proceeding pursuant to the provisions of Rule of Bankruptcy Procedure 7001(9), (4) and (6), and which proceedings are core in nature.

## BACKGROUND ALLEGATIONS

4. In or about February, 2005, Debtor/Defendant initiated a Family Law Proceeding in the Los Angeles Superior Court, Central District, assigned Case No. BD 420 664 ("State Court Action") by the filing of a Petition for Legal Separation.

5. A ten day trial followed in the State Court Action in October, November and December 2006, but which was ultimately declared a mistrial in January 2008 when the trial judge retired without rendering a decision. The State Court Action was then reassigned to Judge Mark Juhas to whom the parties stipulated could hear all matters, including helping the parties in facilitating a voluntary settlement conference.

6. Settlement Conferences were held in the State Court Action on August 15, 2008, September 11, 2008 (although Debtor/Defendant failed to appear) and on October 2, 2008. This last Settlement Conference resulted in an overall settlement being reached, and which was read into the record on that date, acknowledged by the parties on the record on that date and accepted by Judge Juhas on the record on that date ("Judgment"). Although it was intended that the stipulation of the parties, the Judgment, would be reduced to a writing and submitted to the court[1], all parties understood, and had been so advised by the court, that pursuant to California Code of

---

[1] Although the parties negotiated the terms of a written attachment to the form of Judgment contemplated by the court, a final version was never executed and

submitted. Attached hereto as Exhibit "A" is a true and correct copy of the final version of the proposed written Judgment.

Civil Procedure Section 664.6, the court had the authority, and would use it, to enforce oral stipulations entered into in its presence, and would, upon motion, enter judgment pursuant to the terms of the stipulation, and which is entirely consistent with California Family Code Section 2550, and which provides: "on oral stipulation of the parties in open court ... the court shall, either in its judgment of dissolution of the marriage, in its judgment of legal separation of the parties, or at a later time if it expressly reserves jurisdiction to make such a property division, divide the community estate of the parties equally."

7. Key to the Judgment reached in the State Court Action was a provision that Debtor/Defendant was to receive, as her separate property, the family residence located at 17271 Avenida de la Herradura, Pacific Palisades, CA 90272 ("Residence"), but that in exchange Debtor/Defendant was to be obligated to pay am equalizing payment to Plaintiff in the amount of $125,000.00, to be secured by a second priority deed of trust encumbering the Residence. This disposition was only agreed to based upon the express representation that the Residence had a fair market value of $1,300,000.00 with an outstanding mortgage of $850,000.00 in favor of Union Bank, and which was current, and which would thus provide ample equity to protect the equalizing obligation. As part of this disposition, Plaintiff would cause his attorney to remove her family law attorney fee lien in the sum of $250,000.00, and Plaintiff would also negotiate with and resolve two of Debtor/Defendant's obligations to two of her prior attorneys in return for a full release of any claims against Debtor/Defendant, and which Plaintiff did, by paying out the sum of $55,000.00.

COMPLAINT

8. Also as part of the Judgment reached in the State Court Action was Plaintiff's agreement to increase spousal support from a combined spousal and child support monthly payment of $6,441.00 to a monthly spousal support only payment of $6,750.00 per month commencing November 1, 2008, amounts which Plaintiff has dutifully paid, Consistent with this agreement, and the Judgment, an Order was entered in the State Court Action on December 9, 2008 and which required, among other relief, that Debtor/Defendant pay $1,000.00 per month to Plaintiff as and for child support and her share of childcare costs, amounts which she has yet to pay. The Order of December 9, 2008, a true and correct copy of which is attached hereto as Exhibit "B" also provides:

> "The court finds there is an arrearage of $1,500.00 in child support owed by Petitioner (Debtor/Defendant) to Respondent (Plaintiff) and orders that said arrearage shall be deducted by Respondent from his payment of $26,250.00 owed to Petitioner (as and for bonus received by Respondent in 2008) **pursuant to the terms of the Judgment**." See Exhibit "B" at page 2, lines 3-6.

9. Consistent with the Order of December 9, 2008, the Judgment provides, at Paragraph 5.3, that "As and for additional spousal support for the year 2008, Respondent (Plaintiff) shall pay to Petitioner (Debtor/Defendant) the sum of $26,250 …."

10.    The Judgment also confirmed to Plaintiff, as his sole and separate property, and in addition to certain personal property, certain bank accounts, securities accounts, pension/profit sharing plans and IRAs, stock options, as well as all right, title and interest in the improved real property located at 30 Miraloma Drive, San Francisco, CA 94127 and 3034 Inglewood boulevard, Los Angeles, CA 90066, among a long list of other items set forth in Exhibit "A" at Paragraphs 7.2(a) through 7.2(u), inclusive. Notwithstanding the foregoing, Debtor/Defendant continues to fraudulent misrepresent

1   that such real and personal property is community in nature and available to be

2   administered in these bankruptcy proceedings.

3
                              FIRST CLAIM FOR RELIEF
4                    (For Declaratory Relief Against All Defendants)

5        11.    Plaintiff incorporates herein as though fully set forth hereat all of the

6   allegations contained in Paragraph 1 through 10 inclusive.

7
         12.    A dispute has arisen between Plaintiff and Debtor/Defendant as to the
8
    effect of the Judgment entered into in the State Court Action in that Debtor/Defendant
9
    has chosen to ignore the disposition of the real and personal property made by the
10
    court in the State Court Action, including the determination of the separate property
11
    status of the property confirmed to Plaintiff, and by wrongfully and intentionally
12
    mischaracterizing the property as community, has wrongfully, intentionally and
13
    fraudulently attempted to involve the Bankruptcy Trustee, Sam S. Leslie, in the
14
    administration of assets which are not properly part of the Bankruptcy Estate. Plaintiff is
15
    not certain of the position of the Chapter 7 Trustee with respect to the status of these
16
    real and personal property assets and has named the Chapter 7 Trustee as a
17
    precaution only. Plaintiff seeks a declaration that all of the real and personal property
18
    confirmed to him in the Judgment is his sole and separate property free and clear of the
19
    claims of the Chapter 7 Trustee, the Bankruptcy Estate and the Debtor/Defendant.
20

21       13.    A further dispute has arisen between Plaintiff and Debtor/Defendant and
22
    the Chapter 7 Trustee in that Plaintiff claims an equitable lien against the Residence,
23
    subordinate only to that in favor of Union Bank, and prior to all other liens against the
24
    Residence, in the amount of $125,000.00 to secure the equalizing payment required by
25
    the Judgment. Plaintiff seeks a judicial declaration that such lien is superior to
26
    Debtor/Defendant's claim of exemption in the Residence, and which claim is also
27

28

---

superior to the claims of the Chapter 7 Trustee and the Bankruptcy Estate and any other lien interests therein.

## SECOND CLAIM FOR RELIEF
(Objection to Discharge-§727(a)(4) Against Debtor/Defendant Only)

14.     Plaintiff incorporates herein as though fully set forth hereat all of the allegations contained in Paragraph 1 through 13 inclusive.

15.     Plaintiff alleges that in filing her bankruptcy petition, and in filing her schedules of property herein, as well as the amendments thereto, Debtor/Defendant make a false oath, and did so with the intent to hinder, delay or defraud Plaintiff and this Court. Said false oath intentionally verified a false claim that the real and personal property confirmed to Plaintiff by the Judgment as his sole and separate property was in fact community property. Said false oath was given notwithstanding that Debtor/Defendant was represented in the State Court Action by counsel who was present and confirmed to the court the agreement and understanding of the parties, and notwithstanding that Debtor/Defendant is represented in these bankruptcy proceedings by counsel who gave her advice with respect to the State Court Action and participated in the preparation and filing of the amended schedules containing the intentionally false and misleading information.

16.     As a result of the false oath given by Debtor/Defendant herein, she should be denied a discharge pursuant to the provisions of Section 727(a)(4) of the Bankruptcy Code.

## THIRD CLAIM FOR RELIEF
(Objection to Dischargeability-§523(a)(2)(A) Against Debtor/Defendant Only)

17.     Plaintiff incorporates herein as though fully set forth hereat all of the allegations contained in Paragraph 1 through 16 inclusive.

18.    Plaintiff asserts and alleges that in negotiating the terms of the Judgment, Debtor/Defendant intentionally and falsely misrepresented the status of the liens encumbering the Residence and intentionally and fraudulently omitted the several consensual liens which she had voluntarily suffered to be placed upon the Residence, in violation not only of the representations made to Plaintiff, but also in violation of the Standard Family Law Restraining Orders which automatically issue upon the filing of a Family Law Proceeding and which prohibit the transferring, encumbering, hypothecating, concealing, or in any way disposing of any property. See page 2 of Family Law Summons attached hereto as Exhibit "C". Such misrepresentations constitute false pretenses, false representations, or actual fraud and which were reasonably relied upon by Plaintiff in entering into the Judgment and acting consistently therewith, and which has resulted in his being damaged in the amount of not less than $125,000.00, the amount of the equalizing payment to be secured by a second priority lien upon the Residence, but which Debtor/Defendant never had any reasonable expectation or intention of providing.

### FOURTH CLAIM FOR RELIEF
(Objection to Dischargeability-§523(a)(4) Against Debtor/Defendant Only)

19.    Plaintiff incorporates herein as though fully set forth hereat all of the allegations contained in Paragraph 1 through 18 inclusive.

20.    Plaintiff asserts and alleges that in negotiating the terms of the Judgment, Debtor/Defendant, while acting in a fiduciary capacity, intentionally and falsely misrepresented the status of the liens encumbering the Residence and intentionally and

1  fraudulently omitted the several consensual liens which she had voluntarily suffered to

2  be placed upon the Residence, in violation not only of the representations made to

3  Plaintiff, but also in violation of the Standard Family Law Restraining Orders which

4  automatically issue upon the filing of a Family Law Proceeding and which prohibit the

5  transferring, encumbering, hypothecating, concealing, or in any way disposing of any

6  property. See page 2 of Family Law Summons attached hereto as Exhibit "C". Such

7  misrepresentations constitute fraud or defalcation while action in a fiduciary capacity,

8  embezzlement, or larceny and which were reasonably relied upon by Plaintiff in

9  entering into the Judgment and acting consistently therewith, and which has resulted in

10  his being damaged in the amount of not less than $125,000.00, the amount of the

11  equalizing payment to be secured by a second priority lien upon the Residence, but

12  which Debtor/Defendant never had any reasonable expectation or intention of

13  providing.

14

15

16  FIFTH CLAIM FOR RELIEF
(Objection to Dischargeability-§523(a)(6) Against Debtor/Defendant Only)

17      21.    Plaintiff incorporates herein as though fully set forth hereat all of the

18  allegations contained in Paragraph 1 through 20 inclusive.

19      22.    Plaintiff asserts and alleges that in negotiating the terms of the Judgment,

20  Debtor/Defendant, falsely and intentionally misrepresented the sole and separate

21  nature of the real and personal property confirmed to Plaintiff by the Judgment, and in

22  intentionally and falsely misrepresenting the status of the liens encumbering the

23  Residence and in intentionally and fraudulently omitting the several consensual liens

24  which she had voluntarily suffered to be placed upon the Residence, in violation not

25  only of the representations made to Plaintiff, but also in violation of the Standard Family

26  Law Restraining Orders which automatically issue upon the filing of a Family Law

27

28

COMPLAINT

1   Proceeding and which prohibit the transferring, encumbering, hypothecating,

2   concealing, or in any way disposing of any property. See page 2 of Family Law

3   Summons attached hereto as Exhibit "C". Such misrepresentations constitute the willful

4   and malicious injury to the property of the Plaintiff within the meaning of Section

5   523(a)(6) of the Bankruptcy Code and which were reasonably relied upon by Plaintiff in

6

7   entering into the Judgment and acting consistently therewith, and which has resulted in

8   his being damaged in the amount of not less than $125,000.00, the amount of the

9   equalizing payment to be secured by a second priority lien upon the Residence, but

10  which Debtor/Defendant never had any reasonable expectation or intention of

11  providing.

12

### SIXTH CLAIM FOR RELIEF
13    (Objection to Dischargeability-§523(a)(5) Against Debtor/Defendant Only)

14      23.    Plaintiff incorporates herein as though fully set forth hereat all of the

15  allegations contained in Paragraph 1 through 22 inclusive.

16

17      24.    The order obtained in the State Court Action on December 8, 2008,

18  Exhibit "B" hereto, obligated Debtor/Defendant to pay certain Plaintiff child support and

19  childcare costs totaling $1,000.00 per month commencing October 15, 2008.

20  Debtor/Defendant has failed to make any of such payments and there is now owing and

21  unpaid the sum of $8,000.00, with another $1,000.00 due on May 15, 2009, and each

22  month thereafter. Such payments are not dischargeable pursuant to the provisions of

23  Section 523(a)(5) of the Bankruptcy Code.

24

### SEVENTH CLAIM FOR RELIEF
25    (Objection to Dischargeability-§523(a)(15) Against Debtor/Defendant Only)

26      25.    Plaintiff incorporates herein as though fully set forth hereat all of the

27  allegations contained in Paragraph 1 through 24 inclusive.

28

26.     The Judgment provides not only for the confirmation of the real and personal property provided therein as the sole and separate property of Plaintiff, but also requires that an equalizing payment in the amount of $125,000.00 also be made by Debtor/Defendant to Plaintiff, among other relief.  All of the obligations of Debtor/Defendant to Plaintiff provided for therein are in the nature of obligations to a spouse, former spouse, or child of the Debtor/Defendant and not of the kind described in paragraph (5) of Section 523(a) that is incurred by the Debtor/Defendant in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit as provided in Section 523(a)(15) of the Bankruptcy Code, and are non-dischargeable as a result thereof.

WHEREFORE, Plaintiff prays for judgment against Debtor/Defendant and the Chapter 7 Trustee as follows:

1.     On the First Claim For Relief, for a declaration that the real and personal property confirmed to Plaintiff in the State Court Action in the Judgment as his sole and separate property, is in fact his sole and separate property; and secondly that the lien to have been provided to Plaintiff in the Judgment to secure the equalizing payment in the amount of $125,000.00 is secured by an equitable lien encumbering the residence subordinate only to the first priority lien in favor of Union Bank;

2.     On the Second Claim For Relief, for a determination that Debtor/Defendant should be denied a Discharge in these proceedings;

3.     On the Third, Fourth and Fifth Claims For Relief, for a determination that the equalizing payment provided to Plaintiff in the amount of $125,000.00 be deemed to be non-dischargeable pursuant to the provisions of Section 523(a)(2)(A), (4) and/or (6);

4.       On the Sixth Claim For Relief, for a determination that the payments required to be made by the order entered on December 8, 2008 in the State Court Action totaling $8,000.00 as of April 15, 2009 and increasing at the rate of $1,000.00 per month thereafter are in the nature of child support and childcare costs and are  non-dischargeable pursuant to the provisions of Section 523(a)(5);

5.       On the Seventh Claim For Relief, for a determination that the payments and obligations required by the Judgment are  non-dischargeable pursuant to the provisions of Section 523(a)(15);

6.       For costs of suit incurred herein;

7.       For reimbursement of all attorneys fees incurred in prosecution of this action;

8.       For such other and further relief as the Court may deem to be just and proper.

Dated: April 20, 2009                    LAWRENCE C. MEYERSON, A
                                         PROFESSIONAL LAW CORPORATION


By: _____
    Lawrence C. Meyerson
    Attorney for Plaintiff, Chris Aronson

LASC Case #: BD420664

In re Marriage of ARONSON

1. **Parties**

The parties subject to and bound by this Judgment are Petitioner, **TARA D. ARONSON**, and Respondent, **CHRISTOPHER W. ARONSON**.

2. **Recitals and Findings**

2.1. Petitioner and Respondent were married on July 7, 1990.

2.2. The parties separated on February 4, 2005.

2.3. There are three minor children of this marriage, as follows: **CHRISTOPHER W. ARONSON**, born (November 4, 1991), **LYNDSAY T. ARONSON**, born November 16, 1992, and **DANIEL P. ARONSON (PAYNE)**, born (December 17, 1999).

2.4. Both Petitioner and Respondent have been residents of the State of California for at least six (6) months immediately preceding the filing of the Petition for Dissolution of Marriage, and of the County of Los Angeles for at least three (3) months immediately preceding the filing of the Petition for Dissolution of Marriage.

2.5. The Superior Court of California, County of Los Angeles, has exclusive jurisdiction over the parties, over the minor children and over the subject matter of the parties' dissolution of marriage.

2.6. Irreconcilable differences have arisen between the parties which have led to the irremediable breakdown of the marriage, making it impossible for the parties to live together as husband and wife. The parties have no intention to reconcile and the parties agree that no further waiting period, marriage counseling or conciliation efforts would save their marriage.

3. **Child Custody and Visitation**

Jurisdiction is reserved over the issues of child custody and visitation.

4. **Child Support**

Jurisdiction is reserved over the issue of child support.

5. **Spousal Support**

5.1. Respondent shall pay to Petitioner the sum of SIX THOUSAND SEVEN HUNDRED AND FIFTY DOLLARS ($6,750) per month as and for spousal support, payable one

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 3 OF 28

*In re Marriage of ARONSON*

*LASC Case #: BD420664*

half on the 1st and 15th days of each month, commencing November 1, 2008. These payments shall continue until the death of either party, Petitioner's remarriage, or further order of court, whichever first occurs.

5.2.  As and for additional spousal support for the year 2007, Respondent shall pay to Petitioner the sum of 15% of his bonus for 2006 of $160,000 that he received in 2007 for a total owed to Petitioner of $24,000. Said sum shall be paid by Respondent to Petitioner in 24 monthly equal monthly installments or $1,000 per month, commencing December 1, 2008 until paid in full. At the time of the first payment, Respondent shall give to Petitioner copies of any and all documents reflecting or referencing the bonus Respondent received for 2006 in the 2007 calendar year.

5.3.  As and for additional spousal support for the year 2008, Respondent shall pay to Petitioner the sum of $26,250 which represents 15% of his bonus of $175,000 that he received in 2008 for 2007. Said sum shall be paid by Respondent to Petitioner upon entry of this Judgment by the Court.

5.4.  As and for additional spousal support for the calendar years following 2008, Respondent shall pay to Petitioner 15% of his *gross* bonus, if any, received in each calendar year *within 10 working days of the receipt of same.* These payments shall continue until the death of either party, Petitioner's remarriage, or further order of court, whichever fist occurs.

5.5.  Neither Petitioner nor Respondent shall be obligated to maintain a policy of medical or health insurance for the other party.

5.6.  Petitioner acknowledges having reviewed with her attorney the provisions of Family Code Sections 4320 and Section 4330. Petitioner is hereby advised, pursuant to Family Code Section 4330(b) that a support recipient should make reasonable efforts to assist in providing for his or her own support needs. Petitioner further acknowledges Family Code Section 4320(k) which includes the following as a factor which the Court shall consider in ordering spousal support:

**Deleted:**

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 4 OF 28

*In re Marriage of ARONSON*

*LASC Case #: BD420664*

"The goal that the supported party shall be self-supporting within a reasonable period of time. Except in the case of a marriage of long duration as described in Section 4336 [a rebuttable presumption that a marriage of ten years is a marriage of long duration], a "reasonable period of time" for purposes of this Section generally shall be one-half the length of the marriage. However, nothing in this Section is intended to limit the Court's discretion to order support for a greater or lesser length of time, based on any of the other factors listed in this Section, Section 4336, and the circumstances of the parties."

6.   Financial Findings re Spousal Support

6.1.   Respondent earns a salary of $34,583 per month and other taxable income of $800 per month. His tax filing status is "Head of Household" with 4 exemptions. Respondent has total itemized deductions expenses of approximately $6,000 per month and has monthly health insurance of costs of $510. Petitioner has income of approximately $2,120 per month. Petitioner's tax filing status is "Single" with 1 exemption. Petitioner has total itemized deductions expenses of approximately $5,000 per month.

7.   Property Division Orders

7.1.   The following property, whether community or separate, is awarded and confirmed to Petitioner, **TARA D. ARONSON**, as her sole and separate property, together with all liabilities and obligations related thereto, which Petitioner shall assume, indemnify and hold Respondent harmless therefrom:

a)   Any and all rights, title and interest in the improved real property located at 17271 Avenida de la Herradura, Pacific Palisades, CA 90272 and any and all obligations associated with same. The legal description of the Avenida de la Herradura property is as follows:

**LOT 119, OF TRACT NO. 31075, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 838, PAGE(S) 7 TO 17 INCLUSIVE OF MAPS IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.**

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

Petitioner shall be solely responsible for the payment on the mortgage, property taxes, homeowner's insurance, utilities, and any and all other costs associated with the Avenida de la Herradura property. Respondent shall remove the family law attorney real property lien in the amount of $250,000 currently encumbering the Avenida de la Herradura property.

    b)   Any and all furniture and furnishings in Petitioner's possession, except for the following items of Respondent's personal property and family heirlooms which are located in Petitioner's residence: green china, pink crystal stemware, mirror from 30 Miraloma Drive, end table(s), any and all artwork that belonged to Respondent's family, one bookcase, extension ladder, pine valley painting, jewelry box owned by Respondent since childhood, books, high school yearbooks, wetsuits, and any other personal property of Respondent still remaining in the Avenida de la Herradura property. The Court shall reserve jurisdiction to resolve any disputes that may arise between the parties relative to the division, including, without limitation, the identification and characterization of the items, their valuation and the distribution of these assets.

    c)   Any and all clothing, accessories, jewelry, antiques, art, and personal effects in Petitioner's possession, except for items to be awarded to Respondent as set forth in paragraph 7.1.b above.

    d)   Any and all rights, title, and interest in any disclosed bank accounts and credit union accounts standing in Petitioner's name, specifically the accounts at Wells Fargo (a/c #'s ending 4499, 9703, 6237).

    e)   Any and all rights, title, and interest in the following pension/profit sharing plans and IRAs in Petitioner's name, specifically the accounts at MFS Heritage Trust (a/c #'s ending 7806, 4005, and 4009).

    f)   Any and all rights, title, and interest in the 2005 Land Rover LR3 automobile in Petitioner's possession.

**Deleted:** extension ladder,

**Deleted:** patio furniture,

**Deleted:**

*In re Marriage of ARONSON*                              *LASC Case #: BD420664*

g)    Any and all rights, title and interest in Mrs. Clean Jeans, LLC, including but not limited to, all tangible and intangible assets and all liabilities connected therewith.

h)    Any and all gifts and bequests received by Petitioner during marriage, prior to marriage, and subsequent to the date of separation.

i)    All earnings and accumulations of Petitioner prior to the parties' marriage and subsequent to the date of separation.

j)    Any and all rights, title and interest in the American General life insurance policy on Petitioner's life.

k)    The American Airlines airline mileage standing in Respondent's name on the date of separation that have not expired.

7.2.    The following property, whether community or separate, is awarded and confirmed to Respondent, **CHRISTOPHER W. ARONSON**, as his sole and separate property, together with all liabilities and obligations related thereto, which Respondent shall assume, indemnify and hold Petitioner harmless therefrom:

a)    Any and all furniture and furnishings in Respondent's possession.

b)    The following items of Respondent's personal property and family heirlooms which are located in Petitioner's residence: green china, pink crystal stemware, mirror from 30 Miraloma Drive, end table(s), artwork that belonged to Respondent's family, one bookcase _____, pine valley painting, jewelry box owned by Respondent since childhood, books, high school yearbooks, wetsuits, and any other personal property of Respondent still remaining in the Avenida de la Herradura property. The Court shall reserve jurisdiction to resolve any disputes that may arise between the parties relative to the division, including, without limitation, the identification and characterization of the items, their valuation and the distribution of these assets.

c)    Any and all clothing, accessories, jewelry, antiques, art, and personal effects in Respondent's possession.

**Deleted:** , extension ladder

**Deleted:** .

**Deleted:** patio furniture.

*In re Marriage of ARONSON*                    *LASC Case #: BD420664*

d)     Any and all rights, title, and interest in any <u>disclosed</u> bank accounts and credit union accounts currently or previously standing in Respondent's name, specifically the accounts at Bank of America (a/c #'s ending 3393 and 3392), Citibank (a/c #'s ending 4760, 3666, 3818 and 7034), and Wells Fargo (a/c # ending 8636).

e)     Any and all rights, title, and interest in any <u>disclosed</u> securities accounts standing in Respondent's name, specifically the accounts at Financial Network (a/c # ending 9171), Banc of America Investments (a/c #'s ending 7018 and 7026), Charles Schwab (a/c #'s ending 6688, 9607), Deutsche Bank (a/c # ending 9682), and Ameritrade.

f)     Any and all rights, title, and interest in the following pension/profit sharing plans and IRAs in Respondent's name, specifically the accounts at MFS Heritage Trust (a/c #'s ending 1404, 1392, 4079, 1396, 1408, 1412, 1400, 1416), Prudential – MGM Savings Plan, Great West – Rentrak Corp 401k Plan, and Fidelity Investments – Fox Savings Plan.

g)     Any and all rights, title, and interest in the restricted stock options offered to Respondent by 20th Century Fox standing in Respondent's name in an Morgan Stanley account.

h)     Any and all rights, title and interest in the improved real property located at 30 Miraloma Drive, San Francisco, CA 94127 and any and all obligations associated with same. The legal description of the Miraloma Drive property is as follows:

        Block No. 3011, Lot 71

i)     Any and all rights, title and interest in the improved real property located at 3034 Inglewood Boulevard, Los Angeles, CA 90066 and any and all obligations associated with same. The legal description of the Inglewood Boulevard property is as follows:

        Tract No. 23560, Lot 8

---

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 8 OF 28**

*In re Marriage of ARONSON*

LASC Case #: BD420664

j)  Any and all rights, title, and interest in the 2003 Mercedes Benz E320 automobile in Respondent's possession.

k)  Any and all rights, title and interest in the Aronson Family Limited Partnership.

l)  Any and all rights, title and interest in the Christopher Aronson Trust dated July 5, 1990.

m)  Any and all rights, title and interest in the North American Life insurance policy on Respondent's life.

n)  The American Express Rewards Program points and the Wells Fargo card reward points accumulated by Respondent.

o)  Any and all rights, title and interest in the MGM Vacation check in the amount of $23,846 which was deposited into one of the bank/security accounts listed in paragraphs 7.2 and 7.3 above.

p)  Any and all rights, title and interest in the MGM 2005 Incentive Bonus in the amount of $26,120 which was deposited into one of the bank/security accounts listed in paragraphs 7.2 and 7.3 above.

q)  Any and all rights, title and interest in the MGM Stay Bonus in the amount of $23,748 which was deposited into one of the bank/security accounts listed in paragraphs 7.2 and 7.3 above.

r)  Any and all rights, title and interest in the Fox 2006 Incentive Bonus in the amount of $73,888 which was deposited into one of the bank/security accounts listed in paragraphs 7.2 and 7.3 above.

s)  Any and all rights, title and interest in the MGM severance payment which was deposited into one of the bank/security accounts listed in paragraphs 7.2 and 7.3 above.

t)  Any and all gifts and bequests received by Respondent during marriage, prior to marriage, and subsequent to separation.

u)  All earnings and accumulations of Respondent prior to the parties' marriage and subsequent to the date of separation,

---

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 9 OF 28**

Formatted: Indent: Left: 1", Hanging: 0.5", Outline numbered + Level: 3 + Numbering Style: a, b, c, ... + Start at: 1 + Alignment: Left + Aligned at: 0.5" + Tab after: 1" + Indent at: 0.85", Tabs: Not at 1"

Deleted: ¶
///¶
///¶
///

*In re Marriage of ARONSON*                          *LASC Case #: BD420664*

**7.3.**      Debts and Obligations

**7.3.1.**    Assumption by Petitioner

The following debts, whether community or separate, are awarded and confirmed to the Petitioner as Petitioner's separate debts, and Petitioner shall indemnify and hold Respondent harmless from and against the following obligations:

    a)    Except as otherwise set forth in this Judgment, community debts from any obligation arising out of or relating to any community property awarded to Petitioner under the terms of this Judgment.

    b)    Except as otherwise set forth in this Judgment, all debts or obligations incurred by Petitioner and standing in her name whether incurred prior to or following the date of separation.

    c)    Any and all credit card debt standing in Petitioner's name.

    d)    Separate debts from any obligation arising out of or relating to any separate property confirmed to Petitioner under the terms of this Judgment.

    e)    Any and all other debt standing in Petitioner's name.

**7.3.2.**    Except as otherwise set forth in this judgment, if any claim, action or proceeding is hereafter brought seeking to subject Respondent or the community to any liability which Respondent is unaware of, or assumed by Petitioner, Petitioner shall, at Petitioner's sole expense, defend Respondent and the community against any such claim, action or proceeding, whether or not well-founded, and indemnify Respondent and the community from all liability and pay the reasonable attorney's fees and costs Respondent or the community may otherwise incur on account thereof.

**7.3.3.**    Assumption by Respondent

The following debts, whether community or separate, are awarded and confirmed to the Respondent as Respondent's separate debts, and Respondent shall indemnify and hold Petitioner harmless from and against the following obligations:

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 10 OF 28**

---

Formatted: Indent: Left: 0.13",
Hanging: 0.88", Outline numbered +
Level: 3 + Numbering Style: 1, 2, 3,
... + Start at: 2 + Alignment: Left +
Aligned at: 0.88" + Tab after: 1.38"
+ Indent at: 1.38", Tabs: 1", List
tab

Deleted: 1

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

a) Except as otherwise set forth in this Judgment, community debts from any obligation arising out of or relating to any community property awarded to Respondent under the terms of this Judgment.

b) Except as otherwise set forth in this Judgment, all debts or obligations incurred by Respondent and standing in his name whether incurred prior to or following the date of separation.

c) Separate debts from any obligation arising out of or relating to any separate property confirmed to Respondent under the terms of this Judgment.

d) Any and all credit card debt standing in Respondent's name.

e) Any and all other debt standing in Respondent's name.

7.3.4 Except as otherwise set forth in this judgment, if any claim, action or proceeding is hereafter brought seeking to subject Petitioner or the community to any liability which Petitioner is unaware of, or assumed by Respondent, Respondent shall, at Respondent's sole expense, defend Petitioner and the community against any such claim, action or proceeding, whether or not well-founded, and indemnify Petitioner and the community from all liability and pay the reasonable attorney's fees and costs Petitioner or the community may otherwise incur on account thereof.

8. Other Orders Regarding the Division of Community Property

Any and all custodial accounts in each child's name, including but not limited to, the accounts at Bank of America (a/c #'s ending 5724, 5726 and 5728) and Wells Fargo (a/c #'s ending 8905 and 2931), shall be awarded to said child and the parties confirm these transfers and waive any interest in same. Neither party shall be charged with the receipt of the assets set forth in this paragraph in the division of community property. The custodians of any such assets, if any, shall remain unchanged.

9. Equalizing Payment

9.1. In order to equalize the division of the parties' community property assets and debts and taking into consideration the various reimbursement requests by either party, an equalizing payment of $125,000 shall be paid by Petitioner to Respondent on or before

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 11 OF 28

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

1    the sale of the Avenida de la Herradura property or December 31, 2013, whichever first

2    occurs. The equalizing payment of $125,000 shall not accrue interest through and

3    including the date of payment by Petitioner to Respondent nor shall require periodic

4    payments. This payment is intended to be a tax-free interspousal transfer related to the

5    cessation of marriage to effect a division of marital property under Internal Revenue

6    Code §1041 and comparable provisions of state law.

7    9.2.    Petitioner shall be responsible for and pay and indemnify and hold Respondent

8    harmless from any and all costs/expenses associated with the Herradura property

9    including by not limited to mortgage payments, real property taxes, repairs,

10    maintenance, improvements, gardening, utilities, principal and interest payments on the

11    note(s) secured by deed(s) of trust on the residence, and fire and liability insurance

12    premiums for the residence.

13    9.3.    Petitioner shall not cause or permit any sale, exchange, financing, refinancing, or

14    additional liens or encumbrances that would in any way jeopardize Respondent's

15    receipt of the equalizing payment of $125,000 which is secured by a deed of trust on

16    the family residence.

17    9.4.    Petitioner shall be restrained from reducing her/the parties' percentage interest in the

18    Avenida de la Herradura property or reducing her/the parties' equity in same without

19    first paying Respondent the equalizing payment referenced in Paragraph 9.1 above.

20    9.5.    Said equalizing amount referenced in paragraph 9.1 above shall be secured by a

21    promissory note signed by Petitioner and secured by a deed of trust on the real property

22    awarded to Petitioner in Paragraph 9.1(a) above.

23    9.6.    The Court finds that the provisions of this section are intended to secure Respondent's

24    interest in the parties' community property and to make Petitioner's obligation to

25    Respondent unavoidable under 11 U.S.C. §522(f)(1) in the event of Petitioner's

26    personal bankruptcy. (See, Farrey v. Sanderfoot (1991) 500 US 291, 300-301). The

27    fact that Respondent chooses to secure his lien by a deed of trust on the residence shall

28    not limit his remedies to collect said equalizing payment from the Petitioner.

Deleted:

*In re Marriage of ARONSON*

10. <u>Unknown Debts; Indemnity</u>

Petitioner and Respondent each represent and warrant to the other that he or she is not aware of any obligation of Petitioner or Respondent incurred prior to the date of their separation, other than the obligations described in this Judgment. In the event any other obligations of Petitioner or Respondent which were incurred prior to the date of separation are subsequently discovered, the party incurring same shall indemnify the other from any and all liability arising therefrom or relating thereto and shall further hold the other party harmless from and against any and all costs and expenses, including reasonable attorney's fees, relating thereto.

11. <u>Debts Since Separation; Indemnity</u>

Except for any debt or obligation that Petitioner or Respondent created or assumed under this Judgment, Petitioner and Respondent, respectively, shall each pay and hold the other harmless, respectively, from all outstanding debts and obligations not otherwise paid, incurred by him or her, respectively, since and after the date of their separation to third parties; and if any claim, action or proceeding is hereafter sought seeking to hold the other party liable on account of such debts or obligations, such party will, at his or her sole expense, defend the other party against any such claim, action or proceeding, and indemnify the other party from any and all liability arising therefrom or relating thereto and shall further hold the other party harmless from and against any and all costs and expenses, including reasonable attorney's fees, relating thereto.

12. <u>Claims by Third Parties; Indemnity</u>

Nothing contained in this Judgment shall be deemed to admit any liability to or create any right in any third party. Except as set forth herein, the Court finds that each party warrants that he or she has not incurred, and each agrees not to incur, any liability or obligation on which the other may be liable. If any claim, action, or proceeding shall be brought seeking to hold the other liable on account of any such liability, obligation, act, or omission, the obligated party shall, at his or her sole expense, defend the other

*In re Marriage of ARONSON*

party against any such claim, liability or obligation (whether or not well-founded) and shall hold the other party free and harmless from it. This indemnification shall include any costs, including attorney's fees, reasonably incurred by the other party in defending any claim made against him or her. The Court finds that the parties acknowledge that they understand that any provision of this Judgment requiring one party to assume the obligation of the community or post-separation debts of the other party may not be binding on creditors and that a creditor may have rights to seek payment against either party. The Court finds that the parties further acknowledge that they understand that their obligations to each other, and to third-party creditors, are subject to possible discharge in bankruptcy.

13.    Credit Card Accounts.

All existing charge and credit accounts in the name of Petitioner and Respondent, or in the name of either party, under which the other can make purchases or secure credit, shall immediately be closed or changed to the name or the party retaining that account without recourse against the other party.  Any outstanding indebtedness on these accounts, not otherwise specifically scheduled to be paid by one party, shall be paid by the party incurring the debt, notwithstanding the general allocation of debts provided above. Each party shall cooperate with the other in terminating any joint credit cards and making arrangements for new and separate credit cards.

14.    Taxes

14.1.    The parties recognize that the allocation between them of the responsibility for the payment of taxes on joint income tax returns (as set forth in this Judgment) is not binding on the Internal Revenue Service, the Franchise Tax Board (unless a tax clearance certificate under Revenue and Taxation Code section 19006 has previously been issued), or any other taxing authority. The parties are aware that if either party fails to pay the taxes for which he or she is responsible, the law may give the taxing authority power to collect these taxes from the other party.

*In re Marriage of ARONSON*                    *LASC Case #: BD420664*

14.2.  The parties stipulate and the Court orders that if any deficiencies or other types of charges are assessed or imposed against either party in connection with any joint income tax return filed by that party, such deficiency (including interest, penalties, assessments, and excise taxes) and the costs of defending any such deficiency or charges, shall be paid by the party who has underestimated his/her income or overestimated his/her deductions. The Court finds that the costs of defending shall include without limitation, attorney's fees, accountant fees, and other legal costs.

14.3.  The parties stipulate and the Court orders that should any deficiency be assessed or proposed to be assessed with respect to any joint income tax returns filed by Petitioner and Respondent during the marriage, the parties or their representatives are ordered to notify each other within five (5) days of receiving a notice of deficiency. Each party shall immediately provide written notice, and shall forward a copy, to the other party of any statutory notice of deficiency (90-day letter), or any other communication from any taxing authority regarding tax liabilities of either party attributable to joint returns for periods during the marriage. The parties shall cooperate fully with each other, shall execute all documents reasonably requested by the other, and shall furnish information and testimony necessary to respond to the action asserted by the taxing authority.

14.4.  The parties agree that any indemnification payment from one party to the other, with respect to taxes, shall be deemed a tax-free interspousal transfer related to the cessation of marriage to effect a division of marital property under Internal Revenue Code section 1041 and comparable provisions of state law, regardless of the date on which the payment is made. The court shall reserve jurisdiction to enforce the allocations set forth in this Judgment, including, without limitation, granting to either party a security interest in the property of the party who is responsible for the unpaid taxes.

14.5.  The Court orders that each of the parties shall solely assume and pay any and all tax consequences arising as a result of the assets awarded to that party, and that party shall indemnify and hold the other party harmless therefrom. The Court finds that by the provisions of this Judgment, the parties have intended to effect an equal division of

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 15 OF 28

*In re Marriage of ARONSON*

*LASC Case #: BD420664*

their community estate, and Petitioner and Respondent agree that their division of community property represents an allocation of property between equal owners, which does not constitute a taxable event, or a sale or exchange of property by either of them. The Court finds that Petitioner and Respondent, therefore, each agree that all payments and allocation of property hereunder are transfers of property incident to the divorce, within the meaning of Internal Revenue Code §1041(a)(2) and that, except as expressly provided for herein, the tax basis of each asset allocated or paid hereunder has not changed, and will not change by reason of such allocation, division, or payment.

14.6.    The parties agree that under Internal Revenue Code section 1041, or the tax principles regarding interspousal division of community property, the allocation of property between the parties under this Judgment is not taxable, and the tax basis of each asset allocated under these provisions has not changed, and will not change, by reason of this division. Each party agrees not to seek a new tax basis for any asset grounded on any such change even though the transaction may otherwise appear to be a bona fide sale.

14.7.    The Court orders that each party not seek a new income tax basis for any community asset allocated hereunder on the theory that any sale or exchange of community property has been made by their division thereof, and the parties shall not seek a new income tax basis in the future for any former community property. If either party seeks a new income tax basis for any former community asset, and if any future tax should be assessed against the non-breaching party by reason of the transfer of property provided for in this Judgment, the party who has violated the agreement and has received property and has attempted to step-up the basis of such property shall indemnify and hold harmless the other non-breaching party against any and all tax liability including, but not limited to, penalties, interest, and expenses, including attorney fees and accounting fees incurred with respect to the subject transfers of property hereunder, and in contesting any assessments.

14.8.    Any capital gain resulting from the sale of the real property located at 17271 Avenida de la Herradura, Pacific Palisades, CA 90272 shall be allocated 100% to the Petitioner.

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 16 OF 28**

LASC Case #: BD420664

In re Marriage of ARONSON

14.9.    If any taxing authority refuses to allow the allocations made herein, the Court shall retain jurisdiction to make orders which shall effectuate the intent of the parties.

15.    Waiver of Interest in Post Separation Earnings and Acquisitions

Except as otherwise set forth and provided for in this Judgment, the court finds that each party shall own and hold all property received by him or her under the terms of this Judgment and all earnings, accumulations, and other property acquired after the date of separation of the parties and thereafter acquired as his or her sole and separate property, free from any claim of the other (except as expressly provided in this Judgment) or of any creditor of the other by reason of the Community Property Laws of the State of California, or by reason of any other law or fact. No party shall be liable for any debt or obligation of the other unless said debt and/or obligation is specifically imposed by the terms and provisions of this Judgment.

16.    Reciprocal Waiver of Right to Inherit From the Estate of the Other Party

16.1.    Except pursuant to a testamentary document executed after the date of entry of this Judgment, the Court finds that each party has effectively and knowingly waived and relinquished any and all rights under and pursuant to California Probate Code §141(a), including without limitation:

a)    Property that would pass from the decedent by intestate succession.

b)    Property that would pass from the decedent by testamentary disposition in a will executed before the waiver.

c)    A probate homestead.

d)    The right to have exempt property set aside.

e)    The right to a family allowance.

f)    The right to have an estate set aside under Chapter 6 (commencing with § 6600) of Part 3 of Division 6 of the Probate Code.

g)    The right to elect to take community or quasi-community property against the decedent's will.

h)    The right to take the statutory share of an omitted spouse.

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 17 OF 28

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

i)    The right to be appointed as the personal representative of the decedent's estate.

j)    An interest in property that is the subject of a non-probate transfer on death under Part 1 (commencing with §5000) of Division 5 of the Probate Code.

16.2.   These paragraphs are intended to comply with the provisions of §§ 142 through 146 of the Probate Code of the State of California, allowing for proper waiver of the aforementioned rights.

16.3.   Pursuant to Probate Code §141(b), the Court finds that each party has waived and relinquished any and all rights to property that would pass to such party upon the death of the other party under a joint tenancy, a Totten-trust account, or a pay-on-death account created before the date of this Judgment.

16.4.   The Court finds that each party has waived and relinquished any and all right to any of the following which he or she may have upon the death of the other party under the laws of the state or country in which either party dies, owns property, or is a resident or citizen (if other than the State of California):

a)    A share of the decedent's separate property, quasi-community property, and marital property, as determined under the laws of such jurisdiction; and

b)    Right to a family allowance, probate homestead, dower, or its statutory equivalent, or any other statutory share of a surviving spouse provided under the laws of such jurisdiction.

16.5.   Petitioner acknowledges that she understands that she should designate a party other than Respondent as the beneficiary of any individual retirement account.

16.6.   Respondent acknowledges that he understands that he should designate a party other than Petitioner as the beneficiary of any individual retirement account.

17.     Waiver of Further Discovery, Disclosure and Reliance Upon Other Party

17.1.   Each party has conducted some informal and formal discovery and investigation of the issue and facts in this case, including discovery and investigation into the assets and obligations of the parties and the community. Having conducted such discovery and investigation, each party is willing to proceed with this Stipulated Judgment based

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 18 OF 28

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

upon the information he or she has. Each party waives a full evidentiary hearing on the merits with respect to the issue and facts resolved by this Judgment.

17.2.   The Court finds Petitioner entered into this Judgment without resorting to all discovery proceedings permitted by law, and specifically does not, by the execution of this Judgment, waive the benefit of the fiduciary obligation on the part of Respondent to make a full disclosure of the existence of any community, quasi-community property, and any separate property to Petitioner. The Court finds Petitioner has relied on the representation of Respondent that all of the property in which Respondent has any interest, whether separate, community, or quasi-community, is set forth in this Judgment.

17.3.   The Court finds Respondent entered into this Judgment without resorting to all discovery proceedings permitted by law, and specifically does not, by the execution of this Judgment, waive the benefit of the fiduciary obligation on the part of Petitioner to make a full disclosure of the existence of any community, quasi-community property, and any separate property to Respondent. The Court finds Respondent has relied on the representation of Petitioner that all of the property in which Petitioner has any interest, whether separate, community, or quasi-community, is set forth in this Judgment.

17.4.   The Court finds that the parties understand that they have a right to discovery, which includes without limitation taking depositions, submitting interrogatories, obtaining documents, requesting admissions, issuing subpoenas and obtaining appraisals. The court finds that the parties have exercised their rights to undertake such discovery. The parties waive their right to exercise any further discovery or conduct any further investigation beyond that already performed.

17.5.   The Superior Court of Los Angeles, State of California, shall retain jurisdiction to award or assign equally to the parties any assets or liabilities omitted from division under this Stipulated Judgment which would have been community assets or liabilities as of the date of entry of this Stipulated Judgment. This paragraph is not intended to

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 19 OF 28

*In re Marriage of ARONSON*                                     *LASC Case #: BD420664*

1   impair the availability, in a court of competent jurisdiction, of any other remedy arising

2   from the omission of community assets or liabilities, including, without limitation, the

3   remedies set forth in *Family Code* §2556.

4   17.6.   Each party, for herself/himself, has represented that she/he understands that she/he is

5   subject to the provisions of Family Code §§ 2100, 2101, 2102, 2103, 2104, 2105, 2106,

6   2107, 2108, 2109, 2110, 2111, 2112, and 2113 by reason of the fact that this action was

7   filed after January 1, 1993. The court finds the parties exchanged Preliminary and

8   Final Declarations of Disclosure, pursuant to Family Code §§ 2103, 2104 and 2105.

9   The service of the Preliminary and Final Declarations of Disclosure shall be deemed by

10  the parties to comply with Family Code §§ 2103, 2104 and 2105.

11  18.     Advice of Counsel and Payment of Attorney's Fees and Costs

12  18.1.   Petitioner is represented by LIPTON & MARGOLIN, PROFESSIONAL

13  CORPORATION in this proceeding.   **Hugh A. Lipton, Esq.** of LIPTON &

14  MARGOLIN, PROFESSIONAL CORPORATION, duly licensed to practice law in the

15  State of California, has advised Petitioner in connection with the pending proceeding

16  for dissolution of marriage and with this Judgment. Except as set forth in Paragraph

17  18.3 below, Petitioner shall be solely responsible for the payment of any and all

18  attorney fees and costs incurred by her in this matter through the entry of the Judgment

19  of Dissolution of Marriage and Respondent shall have no responsibility of any kind for

20  same except as may have been previously awarded herein.

21  18.2.   Respondent is represented by TRABOLSI & LEVY, A PROFESSIONAL

22  CORPORATION in this proceeding.   **Ilene Evans Trabolsi, Esq.** of TRABOLSI &

23  LEVY, A PROFESSIONAL CORPORATION, duly licensed to practice law in the

24  State of California, has advised Respondent in connection with the pending proceeding

25  for dissolution of marriage and with this Judgment. Respondent shall be solely

26  responsible for the payment of any and all attorney fees and costs incurred by him in

27  this matter and Petitioner shall have no responsibility of any kind for same except as

28  may have been previously awarded herein.

*In re Marriage of ARONSON*                    LASC Case #: BD420664

18.3.   Respondent shall pay the sum of $25,000 to Petitioner's former counsel, "Hersh, Mannis & Bogen LLP", $30,000 to Petitioner's former counsel, "Feinberg, Mindel, Brandt & Klein, LLP", and $4,400 to Petitioner's current counsel "Lipton & Margolin, Professional Corporation." As set forth in paragraph 18.1 above, Petitioner is solely responsible for any and all other attorney fees and costs incurred by her in this matter through the entry of the Judgment of Dissolution of Marriage.

18.4.   Each party shall pay, indemnify, and hold the other harmless from his or her accounting and expert fees and costs and any other litigation fees and costs incurred in connection with this entire case, except as otherwise provided for herein.

18.5.   The provisions set forth in this Section 18 do not constitute a waiver of the attorney-client privilege.

18.6.   Each party agrees and acknowledges that his or her counsel has not made any representations to that party regarding the tax consequences or tax effect of any of the matter set forth herein, and has instead advised him or her to seek the assistance of an accountant and/or tax attorney to provide advice as to the tax consequences of this Stipulated Judgment or any ramifications thereof.

19.     Execution of Further Documents

19.1.   Each party shall execute promptly all documents and instruments necessary or convenient to vest titles and estates as provided in this Judgment to effectuate their purpose and intent. Notwithstanding the failure or refusal of either party to execute any such instrument, this Judgment shall constitute a complete transfer and conveyance of the properties designated as being transferred and conveyed by each party.

19.2.   If either party fails to execute any document or instrument necessary to effectuate the terms and provisions of this Judgment, within seven (7) days after presentation of the document or instrument, upon 48 hours *ex parte* application to the Superior Court in which the dissolution of marriage of the parties is currently pending, the Court may appoint the Executive Officer/Clerk of the Superior Court as its Commissioner to execute said documents. Either party who fails to comply with any provision of this

Deleted:

*In re Marriage of ARONSON*                           *LASC Case #: BD420664*

Judgment shall reimburse the other party for any reasonable expenses, including
reasonable attorney's fees and court costs, which as a result of such failure become
reasonably necessary for carrying out the terms and provisions of this Judgment.

20.     Waivers

20.1    Except as otherwise set forth in this Judgment, the parties agree and the Court finds
that each party waives all rights of reimbursement against the other, including but not
limited to, the following:

    a)    Epstein credits (In re Marriage of Epstein (1979) 24 Cal.3d 76) and all rights of
reimbursement to which a party or the community may be entitled as a result of
the payment of community obligations since the date of separation.

    b)    Watts credits (In re Marriage of Watts (1985) 171 Cal.App.3d 366) and all
rights of reimbursement to which a party or the community may be entitled as a
result of one party's use of community or co-owned assets since the date of
separation.

    c)    Frick credits (In re Marriage of Frick (1986) 181 Cal.App.3d 997) and all rights
of reimbursement to which a party or the community may be entitled due to one
party's use of community assets for the improvement of separate property
during marriage.

    d)    Any and all rights of reimbursement pursuant to *Family Code* § 2640 or
otherwise, for separate property contributed to the acquisition, improvement, or
maintenance of community property or the other party's separate property.

    e)    All rights to reimbursement under *Family Code* §2641, or otherwise, due the
community or a party for contributions made by the community or either of the
parties to the education or training of a party.

    f)    All rights pursuant to Marriage of Wolfe (2001) 91 Cal.App.4th 962, Marriage
of Allen (2002) 96 Cal.App.4th 497, Marriage of Bono (2002) 103 Cal.App.4th
1409, and any other claims for reimbursement or otherwise for use of

*In re Marriage of ARONSON*                          *LASC Case #: BD420664*

1     community funds or property to improve a separate property residence or to pay

2     down the mortgage on a separate property residence.

3     g)   Any and all rights of reimbursement to which a party may be entitled as a result

4       of payment by that party of community credit card debts or any other

5       community debts or obligations since separation.

6     h)   All rights for reimbursement due to the community because of payment of a

7       party's separate debt or obligations with community funds.

8     i)   Any and all rights for reimbursement or other claims that a party may have for a

9       separate property contribution to the acquisition of joint or community property

10      or the other party's separate property.

11    j)   Any and all rights for reimbursement or other claims that a party may have for

12      the use of one's separate property funds towards the payment of the other's

13      separate property debt or community debt.

14    k)   Any and all reimbursement rights, advancements or any and all other claims

15      that Petitioner or Respondent may have against the other party for gifts of

16      monies paid by either party to any family members or friends during the

17      marriage, whether from community funds or not.

18    l)   Any and all further claims for any equalizing payment from Petitioner to

19      Respondent or from Respondent to Petitioner for the division of the community

20      property.

21    m)   Any and all other reimbursement rights, advancement or claims that Petitioner

22      or Respondent may have, although not specifically set forth herein.

23    20.2.   The reimbursement rights and claims of the parties have been taken into consideration

24      in determining any equalizing payment, if any, required by this Stipulated Judgment.

25      Therefore, these waivers constitute a part of the division of the community estate.

26    21.   <u>Miscellaneous Provisions</u>

27    21.1.   Each party agrees to and shall cooperate in every reasonable manner to help the other

28      party secure all Social Security benefits to which that party may be entitled by way of

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 23 OF 28**

*In re Marriage of ARONSON*                                    *LASC Case #: BD420664*

his or her past, present, or future employment, or to which the party may be entitled by reason of his or her marriage to a party to this Judgment, including but not limited to derivative benefits.

21.2.    Each party shall have the right and the other party shall cooperate by doing all reasonable acts and supplying all appropriate documents, to confirm, on a continuing basis, compliance with all provisions under this Judgment.

21.3.    All rights and remedies of the parties hereto are separate and cumulative, and no one of them, whether exercised or not, shall be deemed to limit or exclude any other rights or remedies which the parties hereby may have. The parties shall not be deemed to waive any of their rights or remedies under this Judgment except by duly executed written waiver. No delay or omission on the part of any party exercising any right or remedy shall operate as a waiver of any such right or remedy. A waiver of any right or remedy on any one occasion shall not be construed as a bar to or a waiver of such right or remedy on any future occasion.

21.4.    The party receiving specific property under this Judgment shall be entitled to, and the other party shall transfer and assign to him or her, all right, title and interest in such property, and also shall be entitled to insurance and shall be solely responsible for the payment of all premiums due thereafter under the insurance policy terms if the party decides, in his or her sole discretion, to maintain said policy in force.

21.5.    The Court accepts each party's waiver of the right to appeal, the right to request a Statement of Decision, the right to move for a new trial, and the right to file a motion pursuant to *Code of Civil Procedure* §473, as well as the time periods in which any of the above rights may be exercised. In addition, a Commissioner of the Superior Court, County of Los Angeles, State of California, shall be empowered to enter this Judgment of Dissolution of Marriage.

21.6.    Parties Bound. Unless specifically otherwise provided in this Judgment, the terms and provisions of this Judgment shall inure to the benefit of, and be binding upon, each

*In re Marriage of ARONSON*                          *LASC Case #: BD420664*

party and her/his respective heirs, successors, executors, administrators, conservators, guardians and assigns.

21.7.     Construction of Judgment. This Judgment is prepared as a result of the agreement reached between Petitioner and Respondent and this Judgment is to be construed simply and fairly and not strictly for or against either of the parties hereto. Each party has acknowledged, for himself/herself, that she/he has read this Judgment, that she/he has had all questions answered with regard to the terms and provisions of this Judgment and its effect upon her/him and that she/he understands all of the terms hereof.

21.8.     Scope of Indemnifications.    All indemnifications under this Judgment include indemnification for attorney's fees and other costs and expenses actually incurred by the person in whose favor the indemnification exists. Where applicable, if interest and/or penalties have been assessed against an indemnified party for an indemnified matter, the indemnitor shall be liable for the payment of all such interest and/or penalties.

21.9.     Payment of Taxes on Assets Received.  Except as otherwise set forth in the within Judgment, the party receiving specific property as a result of the terms of this Judgment shall pay all taxes assessed against such property and all costs of maintenance thereof that are payable after the date of signing of this Judgment.

21.10.    Reservation of Jurisdiction.  Except where this Judgment expressly provides that the Court will not reserve jurisdiction, this Court reserves jurisdiction to make such further orders, judgments and decrees as may be necessary or convenient to interpret, enforce or effectuate, but not to alter or modify, the terms and provisions of this Judgment.

21.11.    Modification of Judgment.  This Stipulated Judgment cannot be modified except by another written document signed by both parties, specifically mentioning this Stipulated Judgment.

21.12.    Signature by Attorney(s).    The signatures of the attorneys for Petitioner and Respondent on this Judgment acknowledge approval of this Judgment as to form only.

JUDGMENT - ATTACHMENT TO FORM FL-180
PAGE 25 OF 28

*In re Marriage of ARONSON*                    *LASC Case #: BD420664*

No attorney is deemed to have expressed any opinion as to the substance of this Judgment by affixing her/his signature thereto. The signature(s) of the attorney(s) are not to be construed as an endorsement of any or all of the provisions of this Judgment.

21.13.   Notwithstanding that the attorneys for Petitioner and Respondent have signed this Judgment, nothing contained in this Judgment shall be deemed to be a waiver of the attorney-client privilege or the attorney work product rule. All confidential communications between each party and their respective attorneys shall remain subject to the attorney-client privilege.

21.14.   Each party has acknowledged for himself / herself; and has represented for the other to rely upon in entering into this Judgment (i) that he/she did not obtain any unfair advantage as a result of this Judgment; (ii) that there was sufficient mutual consideration for him/her to agree to the terms and provisions of this Judgment; and (iii) that he/she was not under any undue influence or pressure in agreeing to the terms and provisions of this Judgment.

///
///
///
///
///
///
///

I, **TARA D. ARONSON**, PETITIONER, HAVE FULLY AND COMPLETELY READ THE FOREGOING DOCUMENT. I UNDERSTAND THE TERMS AND CONDITIONS OF SAID DOCUMENT AND I DO HEREBY STIPULATE THAT THE COURT SHOULD SIGN AND CAUSE THIS STIPULATED JUDGMENT TO BE ENTERED. AFTER DUE CONSIDERATION AND EXAMINATION INTO ALL THE FACTS AND CIRCUMSTANCES OF THE CASE, AND MY KNOWLEDGE OF THE FACTS, AND AFTER EXTENSIVE CONSULTATION WITH MY

*In re Marriage of ARONSON*            *LASC Case #: BD420664*

1    LAWYER, I BELIEVE THAT THIS DOCUMENT REPRESENTS A FAIR AND REASONABLE

2    MANNER OF EFFECTUATING THE COMPLETE COMPROMISE, SETTLEMENT AND

3    RELEASE OF ALL CLAIMS AND RIGHTS THAT EXIST BY AND BETWEEN THE PARTIES.

4    I REQUEST THAT THE COURT APPROVE AND SIGN THIS DOCUMENT BECAUSE IT

5    REPRESENTS MY UNDERSTANDING OF OUR AGREEMENT FOR THE SETTLEMENT OF

6    ALL MATTERS REFERRED TO HEREIN.  I CONFIRM THAT ALL REPRESENTATIONS

7    HEREIN STATED ARE TRUE AND CORRECT AND THAT I INTEND THE OTHER PERSON,

8    AND THE COURT, TO RELY THEREON.

9

10   Dated: _____, 2008       _____

                                 **TARA D. ARONSON**, Petitioner

11

12   ///

13   ///

14   ///

15   ///

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23   I, **CHRISTOPHER W. ARONSON**, RESPONDENT, HAVE FULLY AND COMPLETELY

24   READ THE FOREGOING DOCUMENT.  I UNDERSTAND THE TERMS AND CONDITIONS

25   OF SAID DOCUMENT AND I DO HEREBY STIPULATE THAT THE COURT SHOULD SIGN

26   AND CAUSE THIS STIPULATED JUDGMENT TO BE ENTERED.    AFTER DUE

27   CONSIDERATION AND EXAMINATION INTO ALL THE FACTS AND CIRCUMSTANCES

28   OF THE CASE, AND MY KNOWLEDGE OF THE FACTS, AND AFTER EXTENSIVE

**JUDGMENT - ATTACHMENT TO FORM FL-180**
**PAGE 27 OF 28**

*In re Marriage of ARONSON*                    *LASC Case #: BD420664*

1  CONSULTATION WITH MY LAWYER, I BELIEVE THAT THIS DOCUMENT REPRESENTS

2  A FAIR AND REASONABLE MANNER OF EFFECTUATING THE COMPLETE

3  COMPROMISE, SETTLEMENT AND RELEASE OF ALL CLAIMS AND RIGHTS THAT

4  EXIST BY AND BETWEEN THE PARTIES. I REQUEST THAT THE COURT APPROVE AND

5  SIGN THIS DOCUMENT BECAUSE IT REPRESENTS MY UNDERSTANDING OF OUR

6  AGREEMENT FOR THE SETTLEMENT OF ALL MATTERS REFERRED TO HEREIN. I

7  CONFIRM THAT ALL REPRESENTATIONS HEREIN STATED ARE TRUE AND CORRECT

8  AND THAT I INTEND THE OTHER PERSON, AND THE COURT, TO RELY THEREON.

9

10  Dated: _____, 2008

11                                          _____
                                            **CHRISTOPHER W. ARONSON**, Respondent

12  **APPROVED AS TO FORM ONLY.**

13

14  Dated: _____, 2008      By:   _____
15                                          Hugh A. Lipton, Esq.
                                            Attorney for Petitioner
16

17

18  Dated: _____, 2008      By:   _____
19                                          Ilene Evans Trabolsi, Esq.
                                            Attorney for Respondent

20

21  **IT IS SO ORDERED:**

22  **Dated:**

23

24  _____
    **JUDGE MARK JUHAS**
25  **SUPERIOR COURT OF CALIFORNIA,**
    **COUNTY OF LOS ANGELES**
26

27

28

    **JUDGMENT - ATTACHMENT TO FORM FL-180**
    **PAGE 28 OF 28**

12/05/2008   11:50   8185099542                   LIPTON MARGULIN                    PAGE   02

1   TRABOLSI & LEVY, A PROFESSIONAL CORPORATION          CONFORMED COPY
    ILENE EVANS TRABOLSI, ESQ.  SB #106744                    OF ORIGINAL FILED
2   AVI LEVY, ESQ.  SB #223248                            Los Angeles Superior Court
    2530 Wilshire Boulevard, Suite 200
3   Santa Monica, California 90403                            DEC - 9 2008
    Telephone:  (310) 453-6226
4   Facsimile:  (310) 453-6020                        John A. Clarke, Executive Officer/Clerk

5   Attorneys for Respondent: CHRISTOPHER W. ARONSON
                                                            By S. Gracyk, Deputy
6
7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8             FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT

9   In re the Marriage of:                )   CASE NO.: BD 420 664
                                           )
10  TARA D. ARONSON,                       )   ORDER AFTER HEARING ON
                                           )   NOVEMBER 21, 2008
11              Petitioner,                )
                                           )
12      and                                )
                                           )
13  CHRISTOPHER W. ARONSON,                )
                                           )
14              Respondent.                )   Dept: 46 – Judge Mark Juhas
                                           )
15  ─────────────────────────────────     )

16

17         Petitioner's Order to Show Cause regarding modification of Child Custody, Child Support,

18  Visitation, Spousal Support, and Attorney Fees and Costs came on for hearing at 8:30 a.m. on

19  November 21, 2008 in Department 46 of the Los Angeles Superior Court – Central District, located at

20  111 North Hill Street, Los Angeles, CA, 90012, the Honorable Judge Mark Juhas presiding.

21  Petitioner was present and appeared by her attorney of record, Hugh Lipton, Esq.  Respondent was

22  present and appeared by his attorney of record, Ilene Evans Trabolsi, Esq.  The court having reviewed

23  each party's pleadings, testimony, and argument thereon, orders as follows:

24      1.      Commencing October 15, 2008 Petitioner shall pay to Respondent as and for child

25              support the sum of $1000 per month ($250 in child support and $750 as her 1/2

26              share of Respondent's childcare costs), payable 1/2 on the 1st and 1/2 on the 15th

27              days of every month.   The Court notes that it deviated from Guideline Child

28

─────────────────────────────────────────────
ORDER AFTER HEARING ON NOVEMBER 21, 2008
PAGE 1 OF 3

12/05/2008  11:58  8185899442      LIPTON MARGULIN         PAGE  03

Support as is permitted by Family Code section 4057(5). This order shall continue until further order of the court.

2. The Court finds there is an arrearage of $1,500 in child support owed by Petitioner to Respondent and orders that said arrearage shall be deducted by Respondent from his payment of $26,250 owed to Petitioner (as and for bonus received by Respondent in 2008) pursuant to the terms of the Judgment.

3. Petitioner's monitored time with the minor children shall take place every Sunday for 3 hours. It is anticipated that those 3 hours shall be from 12:00 noon to 3:00pm. However, the parties may change this time if agreed, and said agreement shall not be unreasonably withheld.

4. Petitioner shall pay the costs of the Monitor for Petitioner's monitored visitations with children.

5. The Court orders that the parties shall meet and confer as to a Child Custody Evaluator on or before November 26, 2008. If the parties are unable to agree, each party shall submit 3 names (with CVs) to the Court and the Court shall select the Evaluator. The Child Custody Evaluation shall be completed as soon as possible.

6. Respondent shall advance the sum of $5,300 for the Child Custody Evaluation. The Court reserves jurisdiction to reallocate this advance at a later hearing or at the time of trial

7. Respondent shall advance the sum of $5,000 to Hugh Lipton, Esq. as and for Petitioner's attorney fees.

///
///
///
///
///
///
///

12/05/2008  11:50   8185898472          LIPTON MARGULIN                    PAGE  04

8.     The Court sets a Status Conference on Court Call for January 20, 2009 at 8:30 a.m.

in Department 46.

APPROVED AS TO FORM AND CONTENT:

IT IS SO ORDERED:

Dated:     DEC - 9 2008

MARK A. JUHAS, JUDGE

JUDGE MARK JUHAS
SUPERIOR COURT OF CALIFORNIA,
COUNTY OF LOS ANGELES

FL-110

## WARNING—IMPORTANT INFORMATION

**WARNING: California law provides that, for purposes of division of property upon dissolution of a marriage or domestic partnership or upon legal separation, property acquired by the parties during marriage or domestic partnership in joint form is presumed to be community property. If either party to this action should die before the jointly held community property is divided, the language in the deed that characterizes how title is held (i.e., joint tenancy, tenants in common, or community property) will be controlling, and not the community property presumption. You should consult your attorney if you want the community property presumption to be written into the recorded title to the property.**

## STANDARD FAMILY LAW RESTRAINING ORDERS

**Starting immediately, you and your spouse or domestic partner are restrained from**

1. removing the minor child or children of the parties, if any, from the state without the prior written consent of the other party or an order of the court;

2. cashing, borrowing against, canceling, transferring, disposing of, or changing the beneficiaries of any insurance or other coverage, including life, health, automobile, and disability, held for the benefit of the parties and their minor child or children;

3. transferring, encumbering, hypothecating, concealing, or in any way disposing of any property, real or personal, whether community, quasi-community, or separate, without the written consent of the other party or an order of the court, except in the usual course of business or for the necessities of life; and

4. creating a nonprobate transfer or modifying a nonprobate transfer in a manner that affects the disposition of property subject to the transfer, without the written consent of the other party or an order of the court. Before revocation of a nonprobate transfer can take effect or a right of survivorship to property can be eliminated, notice of the change must be filed and served on the other party.

You must notify each other of any proposed extraordinary expenditures at least five business days prior to incurring these extraordinary expenditures and account to the court for all extraordinary expenditures made after these restraining orders are effective. However, you may use community property, quasi-community property, or your own separate property to pay an attorney to help you or to pay court costs.

## ADVERTENCIA – INFORMACIÓN IMPORTANTE

**ADVERTENCIA: De acuerdo a la ley de California, las propiedades adquiridas por las partes durante su matrimonio o pareja de hecho en forma conjunta se consideran propiedad comunitaria para los fines de la división de bienes que ocurre cuando se produce una disolución o separación legal del matrimonio o pareja de hecho. Si cualquiera de las partes de este caso llega a fallecer antes de que se divida la propiedad comunitaria de tenencia conjunta, el destino de la misma quedará determinado por las cláusulas de la escritura correspondiente que describen su tenencia (por ej., tenencia conjunta, tenencia en común o propiedad comunitaria) y no por la presunción de propiedad comunitaria. Si quiere que la presunción comunitaria quede registrada en la escritura de la propiedad, debería consultar con un abogado.**

## ÓRDENES DE RESTRICCIÓN NORMALES DE DERECHO FAMILIAR

**En forma inmediata, usted y su cónyuge o pareja de hecho tienen prohibido:**

1. Llevarse del estado de California a los hijos menores de las partes, si los hubiere, sin el consentimiento previo por escrito de la otra parte o una orden de la corte;

2. Cobrar, pedir prestado, cancelar, transferir, deshacerse o cambiar el nombre de los beneficiarios de cualquier seguro u otro tipo de cobertura, tal como de vida, salud, vehículo y discapacidad, que tenga como beneficiario(s) a las partes y su(s) hijo(s) menor(es);

3. Transferir, gravar, hipotecar, ocultar o deshacerse de cualquier manera de cualquier propiedad, inmueble o personal, ya sea comunitaria, cuasicomunitaria o separada, sin el consentimiento escrito de la otra parte o una orden de la corte, con excepción las operaciones realizadas en el curso normal de actividades o para satisfacer las necesidades de la vida; y

4. Crear o modificar una transferencia no testamentaria de manera que afecte el destino de una propiedad sujeta a transferencia, sin el consentimiento por escrito de la otra parte o una orden de la corte. Antes de que se pueda eliminar la revocación de una transferencia no testamentaria, se debe presentar ante la corte un aviso del cambio y hacer una entrega legal de dicho aviso a la otra parte.

Cada parte tiene que notificar a la otra sobre cualquier gasto extraordinario propuesto, por lo menos cinco días laborales antes de realizarlo, y rendir cuenta a la corte de todos los gastos extraordinarios realizados después de que estas órdenes de restricción hayan entrado en vigencia. No obstante, puede usar propiedad comunitaria, cuasicomunitaria o suya separada para pagar a un abogado o para ayudarle a pagar los costos de la corte.

**SUMMONS**
**(Family Law)**

FORM B104 (08/07)                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>Chris Aronson | DEFENDANTS<br>Tara Diane Aronson |
|---|---|

RECEIVED
APR 20 2009
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY _____ Deputy Clerk

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>Lawrence C. Meyerson, a Professional Law Corporation<br>578 Washington Blvd., Suite 867<br>Marina Del Rey, CA 90292 | ATTORNEYS (If Known)<br>Peter M. Lively, Esq.<br>11965 Venice Blvd., Suite 301<br>Los Angeles, CA 90066-3977 |
|---|---|
| PARTY (Check One Box Only)<br>□ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   □ Other<br>□ Trustee | PARTY (Check One Box Only)<br>☑ Debtor   □ U.S. Trustee/Bankruptcy Admin<br>□ Creditor   □ Other<br>□ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint to Determine Dischargeability of Debt

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner – §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☑ 2 41-Objection / revocation of discharge - §727(c),(d),(e) (a) (4)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☑ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☑ 3 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☑ 7 61-Dischargeability - §523(a)(5), domestic support
☑ 5 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☑ 6 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☑ 1 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☑ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 125,000.00 |

Other Relief Sought

FORM B104 (08/07), page 2                                    2007 USBC, Central District of California

## BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES

| NAME OF DEBTOR | BANKRUPTCY CASE NO. |
|---|---|
| Tara Diane Aronson | 2:09-bk-11394ER |

| DISTRICT IN WHICH CASE IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| Central District of California | Los Angeles Main | Ernest M. Robles |

### RELATED ADVERSARY PROCEEDING (IF ANY)

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| | | |

| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
|---|---|---|
| | | |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

| DATE | PRINT NAME OF ATTORNEY (OR PLAINTIFF) |
|---|---|
| 4/20/09 | Lawrence C. Meyerson |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

ORIGINAL

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| Lawrence C. Meyerson (Bar No. 54136)<br>Lawrence C. Meyereson, a Professional Law Corporation<br>578 Washington Blvd., Suite 567<br>Marina Del Rey, CA 90292<br>Tel. No. (310) 827-3344<br>Fax No. (310) 827-2244 | RECEIVED<br>APR 20 2009<br>CLERK U.S. BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA<br>Deputy Clerk |

*Attorney for Plaintiff* Chris Aronson

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| In re: TARA DIANE ARONSON | CHAPTER 7 |
|---|---|
| | CASE NUMBER 2:09-bk-11394 |
| Debtor. | ADVERSARY NUMBER |
| CHRIS ARONSON | *(The Boxes and Blank Lines below are for the Court's Use Only) (Do Not Fill Them In)* |
| Plaintiff(s), | |
| vs. | **SUMMONS AND NOTICE OF STATUS CONFERENCE** |
| TARA DIANE ARONSON; SAM S. LESLIE | |
| Defendant(s). | |

TO THE DEFENDANT: A Complaint has been filed by the Plaintiff against you. If you wish to defend yourself, you must file with the Court a written pleading, in duplicate, in response to the Complaint. You must also send a copy of your written response to the party shown in the upper left-hand corner of this page. Unless you have filed in duplicate and served a responsive pleading by _____, the Court may enter a judgment by default against you for the relief demanded in the Complaint.

A Status Conference on the proceeding commenced by the Complaint has been set for:

| **Hearing Date:** | **Time:** | **Courtroom:** 1568 | **Floor:** 15th |
|---|---|---|---|

☒ **255 East Temple Street, Los Angeles**          ☐ **411 West Fourth Street, Santa Ana**

☐ **21041 Burbank Boulevard, Woodland Hills**     ☐ **1415 State Street, Santa Barbara**

☐ **3420 Twelfth Street, Riverside**

PLEASE TAKE NOTICE that if the trial of the proceeding is anticipated to take less than two (2) hours, the parties may stipulate to conduct the trial of the case on the date specified, instead of holding a Status Conference. Such a stipulation must be lodged with the Court at least two (2) Court days before the date set forth above and is subject to Court approval. The Court may continue the trial to another date if necessary to accommodate the anticipated length of the trial.

**JON D. CERETTO**
**Clerk of the Bankruptcy Court**

Date of Issuance: _____

By: _____
        *Deputy Clerk*

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                 **F 7004-1**

Summons and Notice of Status Conference - *Page 2*

# F 7004-1

| In re<br>TARA DIANE ARONSON | (SHORT TITLE)<br>Debtor(s). | CASE NO.: 2:09-bk-11394 |
|---|---|---|

**NOTE**: When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

A true and correct copy of the foregoing document described as _____ will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document.  On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On _____ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| _____ | _____ | _____ |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*

# F 7004-1

Summons and Notice of Status Conference  - *Page 3*                **F 7004-1**

| In re<br>TARA DIANE ARONSON | (SHORT TITLE)<br><br>Debtor(s). | CASE NO.: 2:09-bk-11394 |
| --- | --- | --- |

**ADDITIONAL SERVICE INFORMATION** (if needed):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009 (COA-SA)*                                                                    **F 7004-1**